```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

HYTEK INVESTMENTS, INC.,        )
                                )
           Plaintiff,           )
                                )
      v.                        )
                                )
NORTHLAND INSURANCE CO.,        )
                                )
           Defendant and        )
             Third-Party        )   No. 4:06 CV 1492 DDN
             Plaintiff,         )
                                )
      v.                        )
                                )
THE CINCINNATI INSURANCE        )
COMPANY,                        )
                                )
           Third-Party          )
           Defendant.           )
```

**MEMORANDUM AND ORDER**

This matter is before the court on the motions of third-party defendant The Cincinnati Insurance Company to dismiss and to strike. (Docs. 18, 26.) The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21.)

**Background**

Plaintiff Hytek Investments, Inc., d/b/a First Choice Homes of Columbia[1] brought this action for breach of contract and vexatious refusal to pay against Northland Insurance Company in the Circuit Court of St. Louis County. Northland removed the action based on diversity of citizenship jurisdiction. Plaintiff alleges that it had an insurance contract with Northland, Policy No. NY100721, which covered loss from employee dishonesty, and that Northland denied coverage under that policy.

---

[1]Hytek Investments does business under two fictitious trade names, First Choice Homes of Columbia and Hytek Mobile Home Services.

Northland thereafter filed a third-party complaint against third-party defendant The Cincinnati Insurance Company for declaratory judgment, indemnification, and equitable contribution. (Doc. 9.) Northland alleges that it entered into an insurance contract with Hytek, Policy No. NY100721, which covered employee dishonesty. Northland alleges that Hytek and Cincinnati also entered in an insurance contract, Policy No. CAP 770 63 42, which covered employee dishonesty. Northland alleges both policies contained identical language and both were in effect during the time Hytek alleges its employee was dishonest, yet Hytek did not bring a suit against Cincinnati. Northland seeks a declaration that Cincinnati is primarily liable for coverage, or, in the alternative, that any amount recovered by plaintiff must be prorated.

Cincinnati moves to dismiss the third-party complaint against it. (Doc. 18.) Cincinnati argues that the policy issued by it, Policy No. CAP 770 63 42, provides coverage for Hytek Investments, d/b/a Hytek Mobile Home Services; Lauren Monge and Donna Monge, and not Hyteck Investments, d/b/a First Choice Homes of Columbia. It argues that Hytek Mobile Home, which is the d/b/a insured under the Cincinnati policy, has not suffered any loss, only First Choice Homes of Columbia has. It further argues that Northland did not plead that Hyteck complied with the provisions of Cincinnati's policy.

Northland argues that it does not have to plead that Hytek complied with all of the conditions of Cincinnati's policy, and the fact that Hytek does business under two fictitious names does not alleviate Cincinnati's potential liability. (Doc. 25.)

## Discussion

### A. Subject Matter Jurisdiction

It is axiomatic that a court may not proceed at all in a case unless it has subject matter jurisdiction. <u>Crawford v. F. Hoffman-La Roche Ltd.</u>, 267 F.3d 760, 764 (8th Cir. 2001). The parties here allege that this court has subject matter jurisdiction based on diversity of citizenship jurisdiction. 28 U.S.C. § 1332 provides that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States; . . .

28 U.S.C. § 1332(a).

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Hytek is a Missouri Corporation with its principal place of business in Missouri. Defendant Northland is a Minnesota corporation with its principal place of business in Minnesota. Defendant The Cincinnati Insurance Company is an Ohio corporation with its principal place of business in Ohio. In its complaint, Hytek alleges losses in excess of $100,000. Reding v. Fed. Deposit Ins. Corp., 942 F.2d 1257, 1257 (8th Cir. 1991) (court must look at face of complaint first to ascertain amount in controversy). Therefore, this court has subject matter jurisdiction over this matter.

Because the court has jurisdiction based on diversity of citizenship of the parties, the court must look to the Missouri choice of law rules to determine what substantive law applies to this contract dispute. Tompkins v. Erie R.R. Co., 304 U.S. 64 (1938). Missouri courts apply the "most significant relationship" test when determining which state's law to apply. Natalini v. Little, 185 S.W.3d 239, 250 (Mo. Ct. App. 2006). Under this standard, Missouri courts would apply Missouri law to a contract dispute where the insured is a resident of Missouri, and the property insured is located in Missouri. Egnatic v. Nguyen, 113 S.W.3d 659, 665 (Mo. Ct. App. 2003) (location of insured risk is given great weight when determining which state's law to apply).

Nevertheless, the rules regarding the sufficiency of pleadings are procedural in nature; therefore, the court applies federal law to determine the sufficiency of the pleadings. Roberts v. Francis, 128 F.3d 647, 650 (8th Cir. 1997) (Federal Rules of Civil Procedure govern diversity cases).

**B. Motion to Strike**

Cincinnati filed its motion to dismiss the third-party plaintiff's complaint on January 2, 2007. (Doc. 18.) Northland filed its memorandum in opposition to the motion to dismiss on January 12, 2007. (Doc. 25.) Third-party defendant Cincinnati moved to strike Northland's memorandum in opposition to Cincinnati's motion to dismiss as untimely. (Doc. 26.) Cincinnati argues that Northland did not abide by Local Rule 7-4.01 (B), which provides in relevant part:

> (B)Except with respect to a motion for summary judgment under Fed. R. Civ. P. 56, each party opposing a motion, shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies.

E.D. Mo. L.R. 7-4.01.

Northland's memorandum in opposition to Cincinnati's motion to dismiss was timely filed under the Local Rules and the Federal Rules of Civil Procedure. (Doc. 28.) Local Rule 7-4.01(B) allows five days for response. Fed. R. Civ. P. 6(e) grants an additional three days for mailing for a total of eight days. Under Fed. R. Civ. P. 6(a), weekends and federal holidays are also excluded.[2] Cincinnati filed its motion to dismiss on Tuesday, January 2, 2007. Under Fed. R. Civ. P. 6(a), that Tuesday is not counted in the five day calculation. The eight day period began running on Wednesday, January 3, 2007 and ended on January 12, 2007, excluding the weekend as required by Fed. R. Civ. P. 6(a). Northland filed its memorandum timely on January 12, 2007.

Cincinnati's motion to strike is denied.

**C. Motion to dismiss**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. <u>Leatherman v. Tarrant County</u>

---

[2]Federal Rule of Civil Procedure 6(a) provides:

> When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Fed. R. Civ. P. 6(a).

-4-

Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). When ruling the motion, the court must consider all facts alleged in the complaint as true, and must grant the motion only if the facts alleged do not entitle the plaintiff to relief under the law. Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006).

Northland brought the third-party complaint against Cincinnati pursuant to Federal Rule of Civil Procedure Rule 14, which provides, in relevant part:

> **(a) When Defendant May Bring in Third Party**. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14(a).

Cincinnati argues that Northland must plead that Hytek has met all of the policy provisions of Cincinnati's policy for Cincinnati to be liable. It is true that under Missouri law, the "*insured* must plead performance of the conditions of the policy requiring the insured to act or must show a sufficient excuse for nonperformance." Miles v. Iowa Nat. Mut. Ins. Co., 690 S.W.2d 138, 142 (Mo. Ct. App. 1984) (emphasis added); see also Nichols v. Preferred Risk Group, 44 S.W.3d 886, 896 (Mo. Ct. App. 2001) (must plead conditions generally, and non-compliance is an affirmative defense). However, there is no federal pleading requirement that a co-insurer plead the performance of conditions of an insurance contract.

Cincinnati argues its policy covers Hytek Mobile Home Services, not Hytek of Columbia. So, there is no coverage afforded under its policy to Hyteck d/b/a Hytek of Columbia.

This court will not address this argument at this time. Although certain courts in other jurisdictions have held that d/b/a language in a policy limits the coverage to only that specific business, other courts have held that when a business does business under fictitious names, an insurance policy covers the one legal entity, and includes any fictitious names it operates under. Compare Providence Washington Ins.

Co. v. Valley Forge Ins. Co., 50 Cal. Rptr. 2d 192, 195 (Cal. App. 1996) (holding that when a sole proprietor or business is doing business under another name, the trade name is not a separate legal entity); Carlson v. Doekson Gross, Inc., 372 N.W.2d 902, 905 (N.D. 1985); Duval v. Midwest Auto City, Inc., 425 F. Supp. 1381, 1387 (D.C. Neb. 1977), aff'd, 578 F.2d 721 (8th Cir. 1978) (d/b/a/ "merely descriptive of the person or corporation who does business under some other name") and Consolidated American Ins. Co. v. Landry, 525 So.2d 567, 568 (La. App. 1988) (d/b/a language was limiting language); Hertz Corp. v. Ashbaugh, 607 P.2d 1173, 1176 (N.M. App. 1980) ("named insured" was ambiguous).

Missouri law has not addressed this precise question. In other cases where the insured party was ambiguous on the face of the policy, Missouri courts have looked solely to the language of the policy for possible constructions, and have held that entities not listed are not insured. See Young v. Ray America, 673 S.W.2d 74, 81 (Mo. Ct. App. 1984). In Young, the insured was named as "Dennis and Marjorie Klatt DBA Klatt Real Estate, Inc." in the policy. Id. The court held there was "no permissible construction of that language" that would provide coverage for "Ray America," another corporation that the Klatts were sole shareholders of, because it was not listed as an insured. Id.

The undersigned will not address this argument at this time because more facts are needed before determining a question of undecided Missouri law. The court will deny Cincinnati's motion to dismiss.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of third-party defendant Cincinnati Insurance Company to dismiss the third-party complaint of Northland Insurance Company (Doc. 18) is denied.

**IT IS FURTHER ORDERED** that the motion of defendant The Cincinnati Insurance Company to strike (Doc. 26) is denied.

    /S/   David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 9, 2007.